UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HARRIS AMMERMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID LLOYD FISHER, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' REQUESTS FOR (1) REISSUANCE OF SUMMONS AND (2) LEAVE TO SERVE BY ALTERNATIVE MEANS (DOC. NO. 59)**<br><br>Case No. 2:24-cv-00790<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Harris S. Ammerman and Patricia Ammerman, proceeding pro se, filed this action alleging "fraud in the course of Defendants' operation of a Racketeering Enterprise engaged in a pattern of committing wire fraud."[1] After the deadline for service under Rule 4(m) passed and Plaintiffs failed to file proof of service for several defendants, the court ordered Plaintiffs to "file either: 1) proof of timely and proper service upon the defendants who have not appeared, or 2) a document setting forth good cause for a failure to timely serve these defendants, and describing any steps taken to serve these defendants and pursue this case."[2] In response, Plaintiffs filed a document requesting (1) reissuance of summons for several defendants and (2) leave

---

[1] (*See* Compl. ¶ 1, Doc. No. 1.)

[2] (Docket Text Order, Doc. No. 48.)

1

to serve several other defendants by alternative means.[3]  As explained below, both requests are denied.

## I. Request for reissuance of summons

As to Paul Nykamp, Kirsten A. Kincaid-Nykamp, and Antonio Marino, Plaintiffs state they "attempted service" on these defendants "but were not successful."[4]  Without further explanation, "Plaintiffs request a re-issuance of a summons to reattempt service."[5]  But where the deadline to serve these defendants has passed, Plaintiffs are not entitled to an extension of the service deadline (or a reissuance of summons) unless they show good cause for failure to timely serve these defendants.[6]  Accordingly, Plaintiffs' request for reissuance of summons is denied.  If Plaintiffs seek to extend the deadline to serve these defendants, they must file a motion seeking that relief and showing good cause for their failure to timely serve.

## II. Request for leave to serve by alternative means

Plaintiffs also request leave to serve Defendants Erik Paul Weingold, Weingold Law PLLC, and Craig Steven Peterson by alternative means.[7]  But Plaintiffs fail to meet

---

[3] (*See* Pls.' Resp. to Order to Show Cause Orders ("Resp."), Doc. No. 59.)

[4] (*See id.* at 2.)

[5] (*See id.*)

[6] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

[7] (*See* Resp. 2, Doc. No. 59.)

the applicable legal standards for alternative service.  Rule 4 of the Federal Rules of Civil Procedure provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[8]  Because Plaintiffs filed this action in the District of Utah, Utah law applies.

As relevant here, the Utah Rules of Civil Procedure permit service of an individual by "delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[9]  A corporation may be served "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent."[10]  But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[11]  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts

---

[8] Fed. R. Civ. P. 4(e)(1) (providing for service of an individual); *see also* Fed. R. Civ. P. 4(h)(1)(A)–(B) (providing for service of a corporation, partnership, or other unincorporated association "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, [or] a managing or general agent").

[9] Utah R. Civ. P. 4(d)(1)(A).

[10] Utah R. Civ. P. 4(d)(1)(E).

[11] Utah R. Civ. P. 4(d)(5)(A).

made to identify, locate, and serve the party."[12] The method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[13]

As to Erik Paul Weingold and Weingold Law PLLC, Plaintiffs state they have attempted service "at least three times," "hired a private investigator to do a skip trace, and have attempted service at every location that came up for [these defendants] in New York."[14] Regarding these attempts at service, Plaintiffs reference "Exhibit 2."[15] But the "Exhibit 2" Plaintiffs submitted appears to be a copy of the main document Plaintiffs filed.[16] As to the proposed means of service, Plaintiffs—without explanation—"suggest service by publication in New York" is appropriate."[17]

As to Craig Steven Peterson, Plaintiffs state they "attempted service" on this defendant "but were not successful."[18] Plaintiffs request leave to serve Mr. Peterson by alternative means, because Plaintiffs "are unable to locate any other address for him, the only information Plaintiffs had was that he was located at an assisted living but they

---

[12] *Id.*

[13] Utah R. Civ. P. 4(d)(5)(B).

[14] (Resp. 2, Doc. No. 59.)

[15] (*See id.* (referencing "Exhibit 2").)

[16] (*Compare* Ex. 2 to Resp., Doc. No. 59-2, *with* Resp., Doc. No. 59.)

[17] (*See* Resp. 2, Doc. No. 59.)

[18] (*Id.*)

cannot give out resident information without a specific room number."[19]  Plaintiffs "suggest alternative service by publication in Las Vegas, Nevada, to be appropriate for [Mr.] Peterson, as he has last been known to reside in Las Vegas."[20]

Plaintiffs' request for alternative service fails for several reasons.  First, Plaintiffs did not file "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the part[ies]."[21]  But more fundamentally, Plaintiffs have not shown "reasonable diligence" in attempting service.[22]  While their attempts to serve Mr. Weingold and Weingold Law PLLC might possibly establish reasonable diligence if supported by evidentiary submissions, Plaintiffs did not submit server's affidavits or any other evidence.[23]  As to Mr. Peterson, Plaintiffs' bare assertion that they cannot find an address for him is insufficient.[24]  Finally, Plaintiffs fail to establish

---

[19] (*Id.*)

[20] (*Id.*)

[21] *See* Utah R. Civ. P. 4(d)(5)(A).  In fact, Plaintiffs did not even file a motion—their request is contained in their "Response to Order to Show Cause Orders."

[22] *See Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 20, 100 P.3d 1211 ("To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information.").

[23] *See, e.g.*, *Shenzen First Union Tech. v. ATC Express, Inc.*, No. 5:21-cv-01558, 2022 U.S. Dist. LEXIS 126991, at *5–6 (C.D. Cal. July 15, 2022) (unpublished) (denying motion for alternative service where the plaintiff did not submit server's affidavits); *see also* Fed. R. Civ. P. 4(l)(1) ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."); Utah R. Civ. P. 4(e)(1) (requiring proof of service from "[t]he person effecting service").

[24] *See Jackson Constr*, 2004 UT 89, ¶ 20 ("To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information.").

their proposed methods of service are reasonably calculated to apprise these defendants of this action. Plaintiffs' bare suggestion that service by publication is "appropriate" falls well short of meeting this standard.[25] For all these reasons, Plaintiffs' request for leave to serve these defendants by alternative means is denied without prejudice.

## CONCLUSION

Where Plaintiffs have not met the applicable legal standards for service extensions or alternative service, Plaintiffs' requests[26] for (1) a reissuance of summons and (2) leave to serve by alternative means are denied.

DATED this 10th day of February, 2025.

                                BY THE COURT:

                                _____
                                Daphne A. Oberg
                                United States Magistrate Judge

---

[25] *See Allen v. Salt Lake Cnty.*, No. 2:22-cv-00705, 2022 U.S. Dist. LEXIS 255046, at *3 (D. Utah Dec. 21, 2022) (unpublished) ("In general, service by publication is disfavored because publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court." (internal quotation marks and citation omitted)); *see also Boddie v. Connecticut*, 401 U.S. 371, 382 (1971) ("[S]ervice by publication [] is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings.").

[26] (Doc. No. 59.)