UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA AMMERMAN; and HARRIS S. AMMERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID LLOYD FISHER, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 69) AND EXTENDING SERVICE DEADLINES**<br><br>Case No. 2:24-cv-00790<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Harris S. Ammerman and Patricia Ammerman, proceeding pro se, filed this action alleging "fraud in the course of Defendants' operation of a Racketeering Enterprise engaged in a pattern of committing wire fraud."[1] As explained in prior orders,[2] the Ammermans have still not served the complaint on Erik Paul Weingold, Weingold Law PLLC, Antonio Marino, Craig Steven Peterson, Paul C. Nykamp, Kirsten A. Kincaid-Nykamp, and Joann Calley.

The court ordered the Ammermans to show cause why their claims against the unserved defendants should not be dismissed for failure to serve or failure to

---

[1] (*See* Compl. ¶ 1, Doc. No. 1.)

[2] (*See* Docket Text Order, Doc. No. 48; Mem. Decision and Order Den. Pls.' Reqs. for (1) Reissuance of Summons and (2) Leave to Serve by Alt. Means, Doc. No. 61; Order to Show Cause, Doc. No. 63.)

1

prosecute.[3] In response, the Ammermans have filed a motion for leave to serve Erik Paul Weingold and Weingold Law PLLC by alternative means;[4] a request for service deadline extensions as to Antonio Marino, Craig Steven Peterson, Paul C. Nykamp, and Kirsten A. Kincaid-Nykamp;[5] and a request for reissuance of summons as to Joann Calley.[6] Each is addressed below.

   I.  <u>Motion for Alternative Service</u>

The Ammermans move for leave to serve Erik Paul Weingold and Weingold Law PLLC by email.[7] Previously, they requested leave to serve these defendants by publication.[8] The court denied the Ammermans' prior request, finding they failed to show reasonable diligence in attempting service or that service by publication is reasonably calculated to apprise the defendants of this action.[9] The Ammermans' renewed motion states they "attempted [service] on Erik Paul Weingold and Weingold Law PLLC at least three times, hired a private investigator to do a skip trace, and have

---

[3] (*See* Order to Show Cause 1, Doc. No. 63.)

[4] (Pls.' Mot. for Alt. Serv. on Weingold ("Mot."), Doc. No. 69.)

[5] (Pls.' Resp. to Show Cause Order, Doc. No. 70.)

[6] (Pls. Req. to Re-Issue Summons as to [Joann] Calley, Doc. No. 72.)

[7] (*See* Mot. 1, Doc. No. 69.)

[8] (*See* Pls.' Resp. to Order to Show Cause Orders, Doc. No. 59.)

[9] (*See* Mem. Decision and Order Den. Pls.' Reqs. for (1) Reissuance of Summons and (2) Leave to Serve by Alt. Means 2–6, Doc. No. 61.)

attempted service at every location that came up for him in New York."[10]  The Ammermans request leave to "to serve Weingold and his Office . . . by emailing the Complaint and Summons to his law office email."[11]  In support of their motion, the Ammermans filed process server affidavits describing the service attempts,[12] a billing invoice for a skip trace search on "Erik Weingold,"[13] and a screenshot of what appears to be Weingold Law's "Contact Us" webpage.[14]

As explained in the order denying the Ammermans' previous request for alternative service,[15] the Utah Rules of Civil Procedure permit alternative service if the movant (1) shows reasonable diligence in attempting to locate and serve the defendants and (2) proposes a method of service reasonably calculated to apprise the defendants of the action.[16]  The Ammermans fail to meet either requirement.

As to reasonable diligence, the Ammermans neglect to explain where they obtained the physical addresses for these defendants—instead, they simply filed server affidavits without explanation.  And although the Ammermans filed an invoice for a skip

---

[10] (Mot. 1, Doc. No. 69.)

[11] (Mot. 2, Doc. No. 69.)

[12] (*See* Ex. 1 to Mot., Doc. No. 69-1 at 2–5, 7.)

[13] (*See id.* at 6.)

[14] (*See* Ex. 2 to Mot., Doc. No. 69-2.)

[15] (*See* Mem. Decision and Order Den. Pls.' Reqs. for (1) Reissuance of Summons and (2) Leave to Serve by Alt. Means 3–4, Doc. No. 61.)

[16] *See* Utah R. Civ. P. 4(d)(5)(A)–(B).

trace search on "Erik Weingold," they do not explain what information or addresses they obtained from the skip trace.  Moreover, the Ammermans do not explain how a skip trace search for Mr. Weingold shows reasonable diligence in attempting to locate and serve Weingold Law PLLC.  The fact that these parties share a name is insufficient, without more.[17]  Given these issues, it is impossible to evaluate whether the Ammermans have "take[n] advantage of readily available sources of relevant information."[18]

      Nor have the Ammermans shown their proposed method of service is reasonably calculated to apprise the defendants of this action.  The Ammermans propose serving "[Mr.] Weingold and his Office by . . . emailing the Complaint and Summons to his law office email."[19]  They only offer a screenshot of Weingold Law's "Contact Us" webpage in support of this request, which includes the email address the Ammermans seek to serve.[20]  But the Ammermans have not shown the email address is current or valid (for example, by attempting to communicate with anyone at the email address).

---

[17] *See* Utah R. Civ. P. 4(d)(1)(E) (providing a corporation may be served "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent"); *see also Besendorfer v. Olson Assocs. P.C.*, No. 2:24-cv-00557, 2024 U.S. Dist. LEXIS 225475, at *7 (D. Utah Dec. 12, 2024) (unpublished) (declining motion for alternative service on an LLC through an individual because "[t]he court cannot assume that Rob Kolkman is an agent of Constable Kolkman LLC").

[18] *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 20, 100 P.3d 1211 (explaining reasonable diligence standard).

[19] (*See* Mot. 2, Doc. No. 69.)

[20] (*See* Ex. 2 to Mot., Doc. No. 69-2.)

Additionally, the Ammermans have not linked Weingold Law with Mr. Weingold; they do not explain why emailing Weingold Law is reasonably calculated to apprise Mr. Weingold of this action.[21]

For all these reasons, the Ammermans' motion for alternative service is denied. The deadline to serve Erik Paul Weingold and Weingold Law PLLC is extended to April 17, 2025.

II. Extension Requests

In response to the order to show cause, the Ammermans request extensions of time to serve Antonio Marino, Craig Steven Peterson, Paul C. Nykamp, and Kirsten A. Kincaid-Nykamp, explaining their attempts at service have been unsuccessful.[22] The Ammermans also filed a "request to re-issue summons" as to Joann Calley, explaining Ms. Calley's "family member made false statements to the process server during the previous [service] attempt."[23] The deadline to serve Antonio Marino, Craig Steven Peterson, Paul C. Nykamp, Kirsten A. Kincaid-Nykamp, and Joann Calley is extended to April 17, 2025.

---

[21] *Cf. Besendorfer*, 2024 U.S. Dist. LEXIS 225475, at *7 ("The court cannot assume that Rob Kolkman is an agent of Constable Kolkman LLC").

[22] (*See* Pls.' Resp. to Show Cause Order 1–2, Doc. No. 70.)

[23] (*See* Pls. Req. to Re-Issue Summons as to [Joann] Calley 1, Doc. No. 72.)

## CONCLUSION

The Ammermans' motion for alternative service[24] is denied, and the court orders as follows:

1. The deadline to serve Erik Paul Weingold and Weingold Law PLLC or file a new motion for alternative service as to these parties is extended to April 17, 2025.

2. The deadline to serve Antonio Marino, Craig Steven Peterson, Paul C. Nykamp, Kirsten A. Kincaid-Nykamp, and Joann Calley is extended to April 17, 2025.

3. In the future, if the Ammermans seek relief from the court (such as extension of a deadline or reissuance of summons), they must file a motion seeking that relief and addressing the appropriate legal standards.[25]  Future requests which are not filed as motions will be summarily denied.

DATED this 27th day of March, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[24] (Doc. No. 69.)

[25] *See* Fed. R. Civ. P. 6(b)(1) (providing the court may extend a deadline for good cause if the deadline has not yet expired, or upon a showing of excusable neglect if the deadline has passed).