UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA AMMERMAN; and HARRIS S. AMMERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID LLOYD FISHER, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING RENEWED MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 78)**<br><br>Case No. 2:24-cv-00790<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Patricia and Harris Ammerman have filed a motion for leave to serve Defendant Erik Paul Weingold by email.[1] The Ammermans have previously moved (twice) to serve Mr. Weingold by alternative means.[2] But these motions were denied because the Ammermans failed to link Mr. Weingold to the physical addresses where they attempted service or to show their proposed alternative methods of service were reasonably calculated to apprise Mr. Weingold of this action.[3]

---

[1] (Pls.' Renewed Mot. for Alt. Serv. on Erik Weingold Upon New Info. ("Mot."), Doc. No. 78.)

[2] (*See* Pls.' Resp. to Order to Show Cause Orders, Doc. No. 59; Pls.' Mot. for Alt. Serv. on Weingold, Doc. No. 69.)

[3] (*See* Mem. Decision and Order Den. Pls.' Reqs. for (1) Reissuance of Summons and (2) Leave to Serve by Alt. Means 2–6, Doc. No. 61; Mem. Decision and Order Den. Pls.' Mot. for Alt. Serv. and Extending Serv. Deadlines, Doc. No. 75.)

1

The Ammermans have now submitted an email screenshot showing an email Mr. Weingold sent to Mr. Ammerman on March 27, 2025.[4] The email, sent from "erik@ppmlawyers.com," is signed "Erik P. Weingold," identifies this case, and contests the sufficiency of the Ammermans' complaint.[5] The email further states:

> I also note that, to my knowledge, I have not been properly served in this matter. I reviewed an affirmation of attempted service dated November 17, 2024, which states "Defendant Unknown Per Tenant" at my residence. That is simply not accurate. I was home all day that day, I am well known in my building, and the front desk knows me by name. No one in my building could or would have claimed that I am unknown here. The most likely explanation is that the process server went to the wrong address.[6]

The Ammermans seek leave to serve Mr. Weingold by sending service documents to the email address Mr. Weingold used to send this email.[7] Because Mr. Weingold's email message confirms the Ammermans were reasonably diligent in attempting service and service by email is reasonably calculated to apprise Mr. Weingold of this action, the Ammermans' motion is granted.

## LEGAL STANDARDS

Rule 4 of the Federal Rules of Civil Procedure provides that service may be completed by "following state law for serving a summons in an action brought in courts

---

[4] (*See* Ex. 1 to Mot., Email Correspondence, Doc. No. 78-1.)

[5] (*See id.* at 1 ("Dear Mr. Ammerman, I am writing regarding the Complaint you filed in *Ammerman v. Fisher, et al.*, Case No. 2:24-cv-00790-JNP-DAO, in which I am named as a defendant along with my law firm, Weingold Law PLLC.").)

[6] (*Id.*)

[7] (*See* Mot. 3, Doc. No. 78.)

of general jurisdiction in the state where the district court is located or where service is made."[8]  Because the Ammermans filed this action in the District of Utah, Utah law applies.

As relevant here, the Utah Rules of Civil Procedure permit service of an individual by "delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[9]  But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[10]  The method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[11]

## ANALYSIS

The Ammermans submitted process server affidavits detailing attempts to physically serve Mr. Weingold at three different addresses.[12]  In his first affidavit, the server stated the address was a virtual office and would not accept legal documents on

---

[8] Fed. R. Civ. P. 4(e)(1) (providing for service of an individual).

[9] Utah R. Civ. P. 4(d)(1)(A).

[10] Utah R. Civ. P. 4(d)(5)(A).

[11] Utah R. Civ. P. 4(d)(5)(B).

[12] (*See* Ex. 1 to Pls.' Mot. for Alt. Serv. on Weingold, Doc. No. 69-1 at 2, 5, 7.)

Mr. Weingold's behalf.[13]  In his affidavit for the second address, the server stated: "DEF[E]NDANT UNKNOWN PER TENANT."[14]  As to the third address, the server stated the doorman told him Mr. Weingold moved out two years ago.[15]

The email Mr. Ammerman received from Mr. Weingold references the server's second affidavit and confirms the address is Mr. Weingold's "residence."[16]  Although, in his email, Mr. Weingold insists he "was home all day that day" and the "most likely explanation is that the process server went to the wrong address,"[17] an email from a party who has not appeared in this case fails to overcome the server's sworn affidavit.  Where the Ammermans attempted to serve Mr. Weingold at his residence, they have shown reasonable diligence in attempting to locate and serve Mr. Weingold.  Similarly, Mr. Weingold's email to Mr. Ammerman referencing this case demonstrates that service to his email is reasonably calculated to apprise Mr. Weingold of this action.[18]

---

[13] (*Id.* at 2.)

[14] (*Id.* at 5.)

[15] (*Id.* at 7.)

[16] (*See* Ex. 1 to Mot., Email Correspondence, Doc. No. 78-1 at 2 ("I reviewed an affirmation of attempted service dated November 17, 2024, which states 'Defendant Unknown Per Tenant' at my residence.").)

[17] (*See id.*)

[18] *See, e.g.*, *Inception Mining v. Mother Lode Mining*, No. 2:24-cv-00171, 2024 U.S. Dist. LEXIS 202524, at *5 (D. Utah Nov. 6, 2024) (unpublished) (finding email service reasonably calculated where the plaintiff communicated with the defendant using the email address).  Indeed, Mr. Weingold's email confirms he is aware of this action already—and is familiar with the complaint.

## CONCLUSION

The Ammermans' motion for alternative service[19] is granted.  The Ammermans may serve Erik Paul Weingold by emailing a summons, the complaint, and a copy of this order to erik@ppmlawyers.com three times per week for two consecutive weeks, not more often than once every other day (unless a reply is received accepting service).  Service shall be deemed complete upon completion of these steps.  The Ammermans shall file proof of compliance with this order by May 16, 2025.

DATED this 24th day of April, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[19] (Doc. No. 78.)