IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATRICIA AMMERMAN and HARRIS S. AMMERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID LLOYD FISHER, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00790-JNP<br><br>District Judge Jill N. Parrish |

Patricia Ammerman and Harris Ammerman ("Plaintiffs") filed this action alleging that several defendants committed fraud in the operation of a racketeering enterprise, resulting in Plaintiffs' loss of over $1.126 million. ECF No. 1 ("Compl."). Some of the defendants named in this case, Keisha Perry Walker and The Perry Law Group, LLC ("the Perry Defendants"); Todd Jackson and Todd Jackson Law, PC ("the Jackson Defendants"); Erik Paul Weingold and Weingold Law PLLC ("the Weingold Defendants"); and Paul C. Nykamp and Kirsten A. Kincaid-Nykamp ("the Nykamp Defendants") (collectively, "Defendants"), moved to dismiss this action against them. ECF Nos. 34, 45, 80, 93. Magistrate Judge Daphne A. Oberg issued a Report and Recommendation that the court grant these motions to dismiss for lack of personal jurisdiction. ECF No. 104.

Plaintiffs objected to the Report and Recommendation, arguing that the complaint establishes personal jurisdiction over Defendants. The court OVERRULES Plaintiffs' objection and ADOPTS the Report and Recommendation. And the court dismisses the Perry, Jackson, Weingold, and Nykamp Defendants for lack of personal jurisdiction without prejudice.

## BACKGROUND

In their complaint, Plaintiffs allege Defendants fraudulently obtained $1.126 million from them through the operation of a racketeering enterprise. According to Plaintiffs, "Ken Phillips, Andre Ester, and Darrell Rideaux are the architects of this enterprise and wire fraud ring, registering numerous LLC's over the years that falsely purported to be investment companies to use in their fraudulent contracts with victims to provide them a false sense of security." Compl. ¶ 39. These "architects" then

> induced victims to send them millions of dollars through 'escrow' attorneys that they recruited, including David Fisher, Keisha [Perry] Walker, Erik Weingold, and Todd Jackson, with the false assurances that their money was being invested in securities and private placement, and falsely guaranteeing immense returns, with the intent to deceive and defraud.

*Id.* ¶ 44. Plaintiffs allege that they were induced to send $1.126 million to David Fisher, a resident of Utah, on the promise that he would reinvest the money. Instead, the complaint alleges, Fisher pocketed the money for his own gain and distributed his ill-gotten gains to the rest of his co-conspirators. Although Plaintiffs do not allege that they personally interacted with the Perry, Jackson, Weingold, and Nykamp Defendants, they allege that these Defendants received wire transfers from Fisher. Defendants used their Interest on Lawyer Trust Accounts ("IOLTAs") to facilitate these wire transfers, thereby avoiding suspicion.

## DISCUSSION

The Perry, Jackson, Weingold, and Nykamp Defendants move to dismiss this case against them for lack of personal jurisdiction. Judge Oberg recommends granting Defendants' motions. Plaintiffs object to Judge Oberg's Report and Recommendation, arguing that the complaint establishes personal jurisdiction over the Perry, Jackson, Weingold, and Nykamp Defendants. The

court reviews de novo the portions of the Report and Recommendation to which Plaintiffs have objected. FED. R. CIV. P. 72(b)(3).

Plaintiffs do not object to Judge Oberg's finding that the court does not have specific jurisdiction over the Defendants. But they do object to Judge Oberg's finding that the court does not have conspiracy jurisdiction or jurisdiction pursuant to RICO's ends of justice provision. The court addresses each objection below.

I.  **Conspiracy Jurisdiction**

First, Plaintiffs argue that the complaint establishes jurisdiction over Defendants as co-conspirators. "In order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than 'bare allegations' that a conspiracy existed, and must allege facts that would support a prima facie showing of a conspiracy." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007).

In her Report and Recommendation, Judge Oberg determined that Plaintiffs had not alleged sufficient facts to support a prima facie showing of conspiracy. Rather, Plaintiffs merely recited the elements of conspiracy. To allege a prima facie case of civil conspiracy, Plaintiffs "must establish the following five elements: (1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof." *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1141 (10th Cir. 2006) (internal quotation marks omitted).

Here, Plaintiffs allege that "Defendants have operated a wire fraud ring [for four years] whereby they fabricated bogus investment opportunities promising investors immense returns, and proceed to pocket and steal the money for themselves for their own enrichment without ever actually investing any of the investors' funds." Compl. ¶ 38. Plaintiffs claim that Defendants Ken

Phillips, Andre Ester, and Darrell Rideaux orchestrated this wire fraud ring and recruited attorneys such as Fisher to participate. The complaint alleges that Fisher induced Plaintiffs to wire $1.126 million to his IOLTA by promising them that their money would be reinvested. *Id.* ¶ 120. Instead, the complaint alleges, Fisher used the funds for his and his co-conspirators own personal enrichment. *Id.* ¶ 121. Further, Plaintiffs claim that Fisher facilitated this scheme by using his status as an attorney to entice Plaintiffs to invest their money into the scheme. *Id.* ¶ 2. ("Plaintiffs relied not only on Defendants' false promises of ten times return on any money they sent Fisher, but also Fisher's status as a member of the Utah Bar, to conclude that this was a legitimate investment . . . ."). The complaint also alleges that Defendants utilized their "IOLTA accounts to facilitate wire transfers to the racketeering enterprise of amounts that the non-lawyer members of the enterprise could not easily have received without risking raising suspicion, potentially causing incoming wires from victims to be frozen." *Id.* ¶ 4.

These allegations alone meet the elements of a prima facie case of conspiracy. The complaint alleges that Defendants agreed to steal money from victims by using their status as attorneys and IOLTAs to accomplish their objective. The complaint alleges Fisher induced Plaintiffs to wire their life savings to him on the promise that those savings would be reinvested. Plaintiffs allege that Fisher never intended to reinvest the money and rather pocketed the money for his own benefit and transferred some of the funds to his co-conspirator's IOLTAs so they could also personally benefit. Finally, Plaintiffs allege that they were damaged when they were fraudulently induced by Fisher and his co-conspirators to wire-transfer $1.126 million. Thus, Plaintiffs have alleged a prima facie case of civil conspiracy.

But even if Plaintiffs offer allegations to support a prima facie case of conspiracy, those allegations "do not *necessarily* establish jurisdiction over a nonresident co-conspirator." *Weldon v.*

*Ramstad-Hvass*, 512 F. App'x 783, 789 (10th Cir. 2013) (unpublished). The conspiracy allegations must satisfy the minimum contacts requirement as to each conspirator. *Melea*, 511 F.3d at 1070 ("Due process requires that [the defendant] itself have minimum contacts with [the forum state]."). Minimum contacts require "more than the presence of a co-conspirator within the forum state." *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 (10th mCir. 1983). Rather, to extend personal jurisdiction to a co-conspirator, (1) the conspiracy must be directed toward the forum or (2) substantial steps in furtherance of the conspiracy must be taken in the forum "of which the out-of-state co-conspirator was or should have been aware." *Id.* (internal quotation marks omitted); *see also Melea*, 511 F.3d at 1070.

The factual allegations in the complaint do not support an inference that the conspiracy was directed toward the forum. Although one of the co-conspirators, Fisher, is a resident of Utah, the conspiracy overall targeted victims from across the country, including Plaintiffs, who are residents of Maryland. And the complaint does not allege that the "architects" of the scheme had any Utah connection. Thus, to show minimum contacts, Plaintiffs must allege that substantial steps in furtherance of the conspiracy were taken in the forum "of which the out-of-state co-conspirator was or should have been aware." *Am. Land Program*, 710 F.2d at 1454.

But there are also no factual allegations beyond legal conclusions to support that Defendants were or should have been aware that substantial steps were taken in furtherance of the conspiracy in Utah. Plaintiffs vaguely allege some factual allegations to show that Defendants knew of the conspiracy. But even these factual allegations are not enough to support that inference, let alone that they knew substantial steps in furtherance of the conspiracy were taken in Utah. For example, Plaintiffs allege that the Perry Defendants received wire transfers originating in Utah. This allegation alone is insufficient to support an inference that the Perry Defendants knew of the

5

conspiracy, let alone that substantial steps in furtherance of the conspiracy took place in Utah. The allegations against all other Defendants are similar – the only factual allegation relating to Utah is the existence of no more than a few wire transfers from Utah. And this is not enough to establish minimum contacts. Therefore, the court does not have personal jurisdiction over the Perry, Jackson, Weingold, and Nykamp Defendants based on a conspiracy theory.

## II.     Jurisdiction under RICO "ends of justice" provision

Next, Plaintiffs argue that personal jurisdiction is established through RICO § 1965(b). This section provides for nationwide jurisdiction where at least one co-conspirator has minimum contacts if "the ends of justice require that other parties residing in any other district be brought before the court." 18 U.S.C. § 1965(b). The "ends of justice" requirement is a due process inquiry in which courts consider a non-exclusive list of factors: "(1) the extent of contact with the forum state, (2) the inconvenience of having to litigate in a foreign jurisdiction, (3) judicial economy, (4) the probable situs of the discovery proceedings, and (5) the nature of the defendant's activities and its impact beyond his state's borders." *Klein v. Cornelius*, 786 F.3d 1310, 1318 (10th Cir. 2015).

Judge Oberg determined that exercising personal jurisdiction over the Perry, Jackson, Weingold, and Nykamp Defendants did not serve the ends of justice. The court agrees. Even if Plaintiffs have alleged a prima facie case for civil conspiracy, the Perry, Jackson, Weingold, and Nykamp Defendants' contact with the forum is extremely limited. The complaint alleges, at most, three wire transfers from Utah. And it would be highly inconvenient for the Perry, Jackson, Weingold, and Nykamp Defendants to litigate in Utah as all are based east of the Mississippi River.

Further, it is not clear that the alleged conspiracy is centered in Utah as Plaintiffs claim. In their complaint, Plaintiffs allege "Ken Phillips, Andre Ester, and Darrell Rideaux are the architects of this enterprise and wire fraud ring, registering numerous LLC's over the years that falsely

6

purported to be investment companies to use in their fraudulent contracts with victims to provide them a false sense of security." Pls.' Compl. ¶ 39. Thus, the complaint does not allege that Fisher, the only defendant with Utah ties, is even at the center of this conspiracy. And, as previously discussed, Plaintiffs' factual allegations do not support that the Perry, Jackson, Weingold, and Nykamp Defendants knew of Fisher's involvement in the alleged conspiracy. Accordingly, exercising personal jurisdiction over the Perry, Jackson, Weingold, and Nykamp Defendants would not serve the ends of justice.

## CONCLUSION

For the above-stated reasons, the court **ADOPTS** the Report and Recommendation, ECF No. 104. The court **OVERRULES** Plaintiff's objection, ECF No. 105. The court **GRANTS** Defendant's Motions to Dismiss. ECF Nos. ECF Nos. 34, 45, 80, 93. The court **DISMISSES** Defendants Keisha Perry Walker and The Perry Law Group, LLC; Todd Jackson and Todd Jackson Law, PC; Erik Paul Weingold and Weingold Law PLLC; and Paul C. Nykamp and Kirsten A. Kincaid-Nykamp for lack of personal jurisdiction **WITHOUT PREJUDICE**.

DATED September 12, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge