UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA AMMERMAN; and HARRIS S. AMMERMAN,<br><br>                Plaintiffs,<br><br>v.<br><br>DAVID LLOYD FISHER, et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT (DOC. NO. 114)**<br><br>Case No. 2:24-cv-00790<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

      Patricia and Harris Ammerman, representing themselves, filed this action alleging "fraud in the course of Defendants' operation of a Racketeering Enterprise."[1] After Andre Ester failed to timely answer the complaint, the Ammermans moved for entry of default against him.[2] The Clerk of Court granted the motion and entered a default certificate in January 2025.[3] Mr. Ester (also proceeding without a lawyer) has moved to set aside this default, explaining he inadvertently mis-calendared his response date and was deeply involved with his wife's contentious divorce and the hospitalization

---

[1] (*See* Compl. ¶ 1, Doc. No. 1.)

[2] (*See* Pls.' Req. for Entry of Default, Doc. No. 49.) The Ammermans also sought entry of default against Mr. Ester's company, Global Business Finance Corporation. (*Id.* at 1.)

[3] (Default Certificate for Andre Ester & Global Business Fin. Corp., Doc. No. 47.)

of his step-child at the time.[4]  He did not realize his error until he received the default certificate.[5]  In response, the Ammermans contend Mr. Ester has not shown good cause or a meritorious defense and setting aside his default would be prejudicial.[6]  Because several factors support finding good cause here, as explained below, Mr. Ester's motion to set aside default is granted.[7]

## LEGAL STANDARDS

Because Mr. Ester proceeds pro se, his motion is "liberally construed."[8]  Under Rule 55(c) of the Federal Rules of Civil Procedure, courts may set aside an entry of default for "good cause."[9]  It is well established that good cause under Rule 55(c)

---

[4] (Mot. to Vacate Default (Mot.) 1–2, Doc. No. 114.)  Despite the title of the motion, which Mr. Ester purports to bring under Rule 60(b) of the Federal Rules of Civil Procedure, the motion is properly construed (and referred to here) as a motion to set aside default under Rule 55(c) because there is no default judgment against Mr. Ester. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).").  The Ammermans recognize this in their opposition, correctly noting that Rule 55(c) governs.  (Opp'n to Mot. (Opp'n) 1–2, Doc. No. 116.)

[5] (Mot. 1–2, Doc. No. 114.)  As noted below, it is unclear when Mr. Ester received the default certificate.

[6] (Opp'n 2–4, Doc. No. 116.)

[7] *See Goodwin v. Hatch*, No. 16-cv-00751, 2018 U.S. Dist. LEXIS 119914, at *12 (D. Colo. July 18, 2018) (unpublished) ("A motion to set aside a Clerk's entry of default (as opposed to grant or set aside a default judgment) is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)." (citation modified)).

[8] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

[9] Fed. R. Civ. P. 55(c).

"poses a lesser standard" for a defaulting party than the excusable neglect required to set aside a default judgment under Rule 60(b).[10] Indeed, Rule 55(c)'s "good cause standard is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[11] However, this preference "is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain" of the district court's discretion.[12] The Tenth Circuit instructs courts to consider "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[13] But "[t]hese factors are not talismanic"—courts may choose to consider other factors and need not consider all the factors.[14]

## ANALYSIS

Because several factors favor setting aside Mr. Ester's default, his motion is granted. First, Mr. Ester's default was not due to culpable conduct sufficient to refuse

---

[10] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted).

[11] *QFA Royalties LLC v. Liberty Holding Grp., Inc.*, No. 06-cv-00948, 2007 U.S. Dist. LEXIS 51220, at *3 (D. Colo. July 16, 2007) (unpublished) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)); *see also Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting "default judgments are not favored by courts").

[12] *Gomes*, 420 F.2d at 1366.

[13] *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 U.S. Dist. LEXIS 24463, at *9 (10th Cir. 1995) (unpublished); *see also Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished) (similar).

[14] *Hunt*, 1995 U.S. Dist. LEXIS 24463, at *9–10 (citation omitted).

setting aside his default. Generally, "a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."[15] Here, after receiving the complaint, Mr. Ester inadvertently mis-calendared his response date.[16] At the time, he was deeply involved in his wife's divorce—contentious circumstances allegedly involving the ex-husband beating Mr. Ester's minor child, resulting in the child's hospitalization.[17] Mr. Ester did not realize his calendaring error until he received the default certificate.[18] Although it is unclear when he received the certificate, it appears some delay is attributable to a clerical mailing error by the court.[19] Because Mr. Ester has provided an explanation and the record does not suggest he willfully defaulted, his conduct is not so culpable as to justify leaving his default in place. This factor favors finding good cause.

Second, the Ammermans fail to demonstrate that setting aside Mr. Ester's default will cause prejudice. The Ammermans contend this will prejudice them in the form of "loss of evidence," "increased difficulties of discovery," and "risk that assets will be moved or dissipated."[20] In addition, they argue it will "materially increase the burden

---

[15] *Id.* at *10.

[16] (Mot. 2, Doc. No. 58.)

[17] (*Id.* at 1–2.)

[18] (*Id.*)

[19] (*See* Doc. No. 62 (indicating default certificate mailed to address in Memphis returned as undeliverable and then resent to Mr. Ester's current address in Collierville, Tennessee, in late-February 2025).)

[20] (Opp'n 4, Doc. No. 116.)

and cost of litigation and reduce [their] ability to obtain relief," given they allege "a multi-defendant fraud enterprise and the transfer of funds across jurisdictions" in this case.[21] But the fact that the Ammermans allege a multi-defendant enterprise and cross-jurisdiction money-transfers does not demonstrate prejudice. The Ammermans have not shown any increased costs linked to setting aside default. And they make no factual assertions supporting their claim that assets may be dissipated. It is also not clear how setting aside Mr. Ester's default would cause a loss of evidence, difficulty in discovery, or a reduced ability to obtain relief. It would seem to do the opposite, where Mr. Ester is alleged to be an "architect" of the fraud enterprise at the core of this litigation.[22] Because the Ammermans make only general assertions of prejudice, but no concrete indication, this factor favors setting aside Mr. Ester's default—particularly where this case is in early stages.

Finally, Mr. Ester's motion suggests a potentially meritorious defense. On this issue, courts "examine[] the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action."[23] According to his motion, Mr. Ester has never met or had any dealings with the Ammermans.[24] The Ammermans contend these

---

[21] (*Id.*)

[22] (Compl. ¶ 39, Doc. No. 1.)

[23] *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (examining "meritorious defense" in the context of Rule 60(b)).

[24] (Mot. 2, Doc. No. 114.)

"conclusory denials" do not show a meritorious defense because the complaint does not depend on an allegation that Mr. Ester personally met them.[25]  In the complaint, the Ammermans allege Mr. Ester induced victims to send him money through escrow attorneys he and others recruited.[26]  But they also claim Mr. Ester made material misrepresentations to the Ammermans about their investments.[27]  If Mr. Ester never had dealings with the Ammermans, he could not have made those representations.  His motion presents a potentially meritorious defense for the purpose of setting aside default.  For these reasons, good cause exists to do so.

## CONCLUSION

Mr. Ester's motion to set aside default[28] is granted.  The default certificate entered against Andre Ester[29] is set aside.  Mr. Ester's deadline to answer or otherwise respond to the complaint is February 10, 2026.

DATED this 20th day of January, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[25] (Opp'n 3, Doc. No. 116.)

[26] (Compl. ¶¶ 39, 44, Doc. No. 1.)

[27] (*Id.* ¶ 260; *see also id.* at 1 ("Defendants" defined to include Mr. Ester).)

[28] (Doc. No. 114.)

[29] (*See* Default Certificate for Andre Ester & Global Business Fin. Corp., Doc. No. 47.) The default certificate is set aside only as to Mr. Ester.