IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATRICIA AMMERMAN and HARRIS S. AMMERMAN,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LLOYD FISHER, et al,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:24-cv-00790-JNP-DAO<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Magistrate Judge Daphne A. Oberg issued a report and recommendation that the court deny Plaintiffs Patricia Ammerman and Harris S. Ammerman's motion for default judgment. ECF No. 68 ("Pls.' Mot. for Default J."); ECF No. 118 ("R. & R."). Plaintiffs filed an objection. ECF No. 122 ("Pls.' Objections"). For the reasons below, the court OVERRULES the objections, ADOPTS Judge Oberg's report and recommendation in full, and DENIES Plaintiffs' motion for default judgment.

## BACKGROUND

Plaintiffs claim they lost over $1.126 million that was sent to Defendant David Fisher because of a "wire fraud ring whereby [Defendants] fabricated bogus investment opportunities[,] promising investors immense returns, and proceed to pocket and steal the money for themselves for their own enrichment without ever actually investing any of the investors' funds." ECF No. 1 ("Compl.") ¶¶ 1–2, 38. Plaintiff assert thirteen causes of action, with the first nine brought against

Defendants as a collective and the last four brought against Fisher and other particular defendants. *Id.* ¶¶ 215–352. The complaint requests damages against "Defendants[] jointly and severally." *Id.* ¶ 353.

After the clerk entered default with respect to numerous defendants pursuant to FED. R. CIV. P. 55(a), Plaintiff moved for default judgment under FED. R. CIV. P. 55(b) with respect to the following defendants: Andre Ester, David Lloyd Fisher, Darrell Walter Rideaux, Fisher Law Group PLLC, EFL LLC, Thomas Matthew Nykamp, Nola Conrad, LLC, and Global Business Finance Corporation. ECF Nos. 47, 51, 53, 56 (entering default); Pls.' Mot. for Default J.

However, Judge Oberg issued a report and recommendation that the court fully deny Plaintiffs' motion. R & R. She reasoned that "entering judgment against the defaulting defendants now would unnecessarily risk inconsistent judgments and damages award later" given the presence of non-defaulting defendants,[1] especially because Plaintiffs "seek to hold all defendants jointly and severally liable for their damages" and their "claims arise out of the same alleged conspiracy and racketeering enterprise." *Id.* at 7–8.

Plaintiffs object to this report and recommendation, suggesting that they should be entitled to default judgment in general and with respect to specific claims and forms of relief in particular. Pls.' Objections.

---

[1] These non-defaulting defendants included Defendant Craig Peterson, who had timely filed an answer, and Ester, whose default had been set aside. ECF No. 91 ("Answer of Def. Peterson"); ECF No. 117 ("Mem. Decision and Order Granting Mot. to Set Aside Default"). *See also* ECF No. 103 ("Order Granting Def. Nola Conrad, LLC's Mot. to Set Aside Default").

## LEGAL STANDARD

The court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). Here, the relevant de novo determination requires the court to exercise its "sound discretion" in determining whether default judgment should be entered under FED. R. CIV. P. 55(b)(2). *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)).

## DISCUSSION

Because it appears that Plaintiffs object to the report and recommendation in its entirety, the court engages in its own de novo determination regarding Plaintiffs' motion for default. After carrying out an independent analysis, the court ultimately agrees with Judge Oberg's conclusion that entering default judgment now unnecessarily risks inconsistent judgments and damage awards and, accordingly, adopts her recommendation in full.

Generally, the Tenth Circuit employs the following rule: "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (per curium) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455–56 (1983)). *See also Frow v. De La Vega*, 82 U.S. 552, 554–55 (1872) (the basis for this rule). This rule is designed to "avoid[] inconsistent liability determinations among joint tortfeasors." *Hunt*, 770 F.2d at 147. In *Hunt v. Inter-Globe Energy, Inc.*, the Tenth Circuit held that this rule extends to "joint and several tortfeasors" because "[o]therwise, plaintiffs armed with joint and several liability on a single claim could seek to execute on a larger damage award from a party against

whom the court awarded a much smaller damage verdict." *Id.* at 148. *Hunt* appears to be firmly applicable here as Plaintiffs seek to hold defaulting and non-defaulting defendants alike jointly and severally liable for compensatory, treble, and punitive damages. Compl. ¶ 353.

Plaintiffs argues that *Hunt* and *Frow v. De La Vega* are inapt because "Plaintiffs' claims are pleaded against different defendants based on different conduct, over an extended period, and include multiple causes of action that do not depend on uniform liability findings as to every remaining defendant." Pls.' Objections at 3. But this argument fails to appreciate the logic of *Hunt*. To be sure, Plaintiffs correctly note that "[a] later determination that Craig Peterson is not liable would not necessarily negate the defaulting defendants' admitted misconduct or Plaintiff's injury." *Id.* However, Plaintiffs ask this court to enter damages jointly and severally against all defendants, which means that granting Plaintiffs' requested relief against defaulting defendants necessarily would implicate non-defaulting defendants and their right to have their day in court.[2] Plaintiffs certainly do not need to request such an expansive form of joint and several liability, but, insofar as they do, they face further limits in when and how they can recover a default judgment.

This conclusion receives further support from the broader understanding of *Frow* deployed in *Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394, 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996) (unpublished table opinion). On this interpretation, a court should refrain from entering default judgment "in situations where multiple defendants have closely related defenses." *Id.* This is based

---

[2] In their objections, Plaintiffs argue that there is no risk of inconsistent judgments insofar as they request the entry of a sum certain against defaulting defendants, including Nykamp, and thus "do not seek a single, indivisible damages award against all defendants." Pls.' Objections at 3–4. But the operative complaint requests that all damages be entered against Defendants jointly and severally. Compl. ¶ 353. Of course, Plaintiffs may amend the operative complaint to ask for other forms of relief, but they must do so explicitly and in the manner prescribed by FED. R. CIV. P. 15 and DUCivR 15-1.

on the principle that when a non-defaulting defendant proves a defense at trial, plaintiffs should not be able to recover against defaulting defendants who are protected by the same defense. *Id* at *2. When applied to the present case, *Wilcox* suggests that entering default judgment now is premature because Peterson raises the defense that the fraudulent scheme asserted by Plaintiffs is simply fictious, which applies equally to all defaulting defendants. Answer of Def. Peterson ¶ 1. Because of the possibility that this defense may be proven, it is too soon to enter default judgment.

Importantly, this reasoning also applies to the claims brought against Fisher, which Plaintiffs emphasize in their objections. *See* Pls.' Objections at 4; Compl. ¶¶ 303–52. While Plaintiffs may be right that these claims "are pleaded as professional-duty claims based on Fisher's [individual] role as [an] escrow attorney and fiduciary," these claims are still predicated on the same fraudulent scheme. *See* Compl. ¶¶ 303–52. Thus, Peterson's defense that this alleged scheme has no basis in reality would apply equally to the claims directed against Fisher. If at trial Peterson prevails on this defense, "[Plaintiffs] should be collaterally estopped from obtaining a judgment against [Fisher and other defaulting defendants], even though [they] failed to participate in the proceeding in which the exculpatory facts were proved." *Wilcox*, 1996 WL 48857, at *2 (quoting *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986)).

Based on this risk of factually inconsistent judgments—where the facts ultimately proved by non-defaulting defendants may preclude a finding that defaulting defendants are liable—the court refrains from entering defaulting judgment, regardless of whether *Hunt* and *Frow* directly apply. Although Plaintiffs correctly note that this risk of inconsistent judgements is not logically guaranteed, it still informs the court's exercise of discretion as it seeks to "secure the just, speedy, and inexpensive determination of every action and proceeding." Pls.' Objections at 4; FED. R. CIV. P. 1.

Therefore, the court determines on its own de novo review that it is premature to enter default judgment and Plaintiffs' motion is denied.

## CONCLUSION AND ORDER

For the reasons above, the court OVERRULES Plaintiffs' objections and ADOPTS Judge Oberg's report and recommendation in full. Accordingly, the court ORDERS that Judge Oberg's report and recommendation is ADOPTED and Plaintiffs' motion for default judgment is DENIED.

DATED March 5, 2026

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge